# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 23, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| ROBERT GALANTE, | * | |
| | * | |
| Petitioner, | * | No. 18-1933V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Bridget Candace McCullough*, Muller Brazil PA, Dresher, PA, for Petitioner.
*Ryan Daniel Pyles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 21, 2023, Robert Galante, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 84). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$68,358.27.**

### I.   Procedural History

On December 18, 2018, Robert Galante ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleges that as a result of receiving an intradermal influenza ("flu") vaccine on September 7, 2016, in his left arm he suffered a shoulder injury related to vaccine administration ("SIRVA") that was caused in fact by the flu vaccination. *Id*. After a two-day hearing and a Ruling on Entitlement, on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

January 12, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on January 13, 2023. (ECF No. 76).

On June 23, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $68,358.27, representing $46,620.20 in attorneys' fees and $21,738.07 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*. Respondent reacted to the fees motion on June 23, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 83). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a Ruling on Entitlement and a subsequent proffer, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates for the work of his counsel: for Ms. Bridget McCullough, $225.00 per hour for work performed in 2018 and 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, and $350.00 per hour for work performed in 2023; and for Mr. Paul Brazil, $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, and $375.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Petitioner also requests the following rates for work performed by paralegals: for Stacie Bole, Stacy Bowman, Michelle Coles, Maria Loecker, Virginia Schaffer, and Marcella Senerth, $125.00 per hour for work performed during various years from 2017, through 2023; for Erik Pavlacsek, $140.00 for work performed in 2023; and for Teresa Pavlacsek, $125.00 per hour for work performed in 2018, $140.00 per hour for work performed in 2019, $150.00 per hour for work performed in 2020, and $160.00 per hour for work performed in 2021. These rates are also consistent with what has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $ 46,620.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $21,738.07. This amount is comprised of acquiring medical records, postage, transcription services, and the Court's filing fee. Fees App. Ex. B at 1. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter. Petitioner also requests compensation for work performed by Petitioner's medical experts, M. Eric Gershwin, M.D. and George Russell Huffman, M.D. Fees App. Ex. B at 1. Dr. Gershwin's costs are reasonable and have been supported by Petitioner with adequate documentation.

Dr. Huffman submitted a full and final invoice in the amount of $9,712.50. Fees App. Ex. B at 14-15. The full and final invoice states the tasks completed and the date on which the tasks were completed, but does not include the number of hours expended on these tasks or the rate charged. Dr. Huffman submitted three additional supporting invoices including: a May 1, 2019 invoice for $2,000.00, for Dr. Huffman's retainer; a November 14, 2019 invoice for 6.75 hours billed at a rate of $550.00 per hour, totaling $3,712.50; and a March 15, 2023 invoice for $4,000.00 for his work related to the March 22, 2021 hearing. To the extent that Dr. Huffman has adequately documented his rate, he has been traditionally awarded $500.00 per hour for his Vaccine Program work. *See Tumolo v. Sec'y of Health & Human Servs.*, No. 16-343V, 2021 WL 1761727, at *2 (Fed. Cl. Mar. 26, 2021); *Anderson v. Sec'y of Health & Human Servs.*, No. 16-1099V, 2020 WL 6055038, at *3 (Fed. Cl. Sept. 9, 2020). As noted in *Aycock v. Secretary of Health & Human Services*, No. 19-235V, 2023 WL 8869423, at *10 (Fed. Cl. Nov. 8, 2023), orthopedic shoulder surgeons tend to command high rates for expert witness work. As such Dr. Hoffman's rate of $550 an hour is reasonable.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $46,620.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$46,620.20** |
| | |
| Attorneys' Costs Requested | $21,738.07 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$21,738.07** |
| | |
| **Total Attorneys' Fees and Costs** | **$68,358.27** |

**Accordingly, I award the following: a lump sum in the amount of $68,358.27, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Bridget McCullough.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                    **/s/Thomas L. Gowen**
                                                    Thomas L. Gowen
                                                    Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).